KENNETH SOUTULLO, ET AL

VERSUS

LAMMICO, ET AL

NO. 24-C-441

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Linda Wiseman*
First Deputy, Clerk of Court

_____ October 28, 2024 _____

Linda Wiseman
First Deputy Clerk

**IN RE** KENNETH SOUTULLO AND SHARON SOUTULLO

_____

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE RAYMOND S. STEIB, JR., DIVISION "A", NUMBER 821-396

_____

Panel composed of Judges John J. Molaison, Jr.,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT GRANTED**

In their writ application, plaintiffs Kenneth and Sharon Soutullo, seek review of the trial court's August 20, 2024 judgment, which granted defendants' *Daubert* Motion and Motion in Limine, prohibiting plaintiffs' infectious disease expert, Bobson Lutz, MD, from testifying at trial.[1] The trial court excluded Dr. Lutz's testimony in its entirety on the grounds that it is cumulative. For reasons explained below, we grant the writ application, reverse the trial court's judgment and remand for the trial court to consider the issues raised in the motion in limine regarding Dr. Lutz's qualifications to testify as an expert.

This matter arises from plaintiffs' medical malpractice claims alleging that orthopedic surgeon, Dr. Wesley Clark, failed to diagnose and treat a spinal infection. In their motion in limine, defendants explained that Dr. Lutz provided

_____

[1] The motion in limine was filed by defendants LAMMICO, Wesley Clark, MD, L. Thomas Cashio, MD, Mark Juneau, Jr. MD, and APC d/b/a Jefferson Orthopedic Clinic.

an affidavit containing his expert opinions on causation issues. However, they contend that during his deposition, Dr. Lutz expanded his opinions and addressed issues relating to an alleged breach of the standard of care. Defendants argued in their motion in limine that Dr. Lutz is not qualified to testify regarding the standard of care or breach of the standard for orthopedic surgery, and further argued that in the alternative that if Dr. Lutz is qualified to testify on these elements, his testimony would be cumulative to plaintiffs' two other experts, Dr. Hershman (orthopedic surgery) and Dr. Cohen (anesthesiology/pain management). Defendants further argued that Dr. Lutz's causation opinions in his affidavit and deposition testimony regarding infectious disease issues should be excluded because Dr. Lutz is not qualified to testify as an infectious disease expert.

According to the transcript from the evidentiary hearing, Dr. Lutz testified and was cross-examined regarding his experience in the field of infectious disease. Defendants did not offer any of the exhibits attached to their motion in limine into evidence. Following the hearing, the trial court ruled that it was excluding the entirety of Dr. Lutz's expert testimony based on its finding that his testimony would be cumulative to testimony of plaintiffs' other experts.

In their writ application, plaintiffs argue that the trial court erred in excluding Dr. Lutz's testimony as cumulative because: 1) defendants did not introduce any evidence to support this argument; 2) defendants did not argue in their motion that Dr. Lutz's opinions on causation issues would be cumulative; 3) the ruling is premature because plaintiffs may decide to call Dr. Lutz as their primary expert witness; and 4) the testimony is not cumulative because Dr. Lutz is the plaintiffs' only infectious disease expert.

A trial court is afforded broad discretion in its consideration of evidentiary matters, including motions in limine, which are not to be disturbed on appeal

absent a clear abuse of that discretion. *George v. Progressive Waste Solutions of La, Inc.*, 22-1068 (La. 12/9/22), 355 So.3d 583, 587.

As discussed above, the transcript indicates that the only evidence presented at the hearing on the motion in limine was Dr. Lutz's testimony. Defendants did not introduce any evidence regarding the content of the other experts' opinions or testimony to establish the cumulative nature of Dr. Lutz's testimony regarding the standard of care and breach of the standard. *See DePhillips v. Technology Insurance Company*, 19-329 (La. App. 5 Cir. 10/2/19), 2019 WL 4866777 (finding that the trial court erred by granting a motion in limine based on an expert report that was not admitted into evidence). In addition, defendants only argued that Dr. Lutz's testimony on the standard of care and breach of the standard should be excluded as cumulative. Defendants did not move to exclude Dr. Lutz's causation opinions as cumulative.

Accordingly, we find that the trial court abused its discretion by granting the motion in limine to exclude the entirety of Dr. Lutz's testimony based on the ground that it is cumulative. We grant this writ application, reverse the trial court's judgment and remand the matter for consideration of the issues raised in the motion in limine regarding Dr. Lutz's qualifications to testify as an expert. If Dr. Lutz is qualified to testify, defendants may re-urge their arguments regarding the cumulative nature of the proposed testimony at trial or in accordance with any scheduling order issued by the trial court.

Gretna, Louisiana, this 28th day of October, 2024.

**SUS**
**JJM**
**TSM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/28/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-C-441

### E-NOTIFIED

24th Judicial District Court (Clerk)
Hon. Raymond S. Steib, Jr. (DISTRICT JUDGE)
Bryan J. Knight (Respondent)                    T. Carey Wicker, III (Relator)

### MAILED